**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**
(A Limited Liability Partnership Formed in Pennsylvania)
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, New Jersey 08002
(856) 488-7700
*Attorneys for Petitioners ZIM American Integrated Shipping Services Co., LLC, and ZIM Integrated Shipping Services, Ltd..*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re *Ex Parte* Petition of ZIM AMERICAN INTEGRATED SHIPPING SERVICES CO., LLC, and ZIM INTEGRATED SHIPPING SERVICES, LTD., for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Civil Action No.:<br><br>*EX PARTE* PETITION TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782<br><br>*Document Filed Via ECF* |

**PETITION**

Petitioners ZIM American Integrated Shipping Services Co., LLC and ZIM Integrated Shipping Services, Ltd. (hereafter, "ZIM" or "Petitioners"), hereby apply to this Court for permission to take testimony under oath by depositions so as to perpetuate the testimony of:

(1) "Mr. Ventoso," the stevedore superintendent employed by Maher Terminals LLC on December 14, 2014, at the Fleet Street terminal in the Port Newark in respect to cargo operations aboard the vessel M/V ZIM ONTARIO while berthed at the Fleet Street Terminal at the Port Newark;

(2) The hatch boss, whose name is unknown, employed by Maher Terminals LLC on December 14, 2014, aboard the vessel M/V ZIM ONTARIO at Bay Number 6,

while berthed at Fleet Street Terminal in the Port Newark, whose name may be "Mr. Eddie";

(3) The crane operator, whose name is unknown, that was employed by Maher Terminals LLC and was in control of the crane operating at Bay Number 6 aboard the M/V ZIM ONTARIO on December 14, 201 when the hatch cover at that location was damaged; and

(4) The Custodian of Records at Maher Terminals LLC, to compel the production of relevant documents described below.

This testimony is for use in anticipated litigation in aid of a foreign judicial proceeding before the London Maritime Arbitrators Association, by way of lawsuit or arbitration, as authorized by Federal Civil Rule of Procedure 27, and pursuant to 28 U.S.C. §1782 in aid of a foreign judicial proceeding before the London Maritime Arbitrators Association.

## FACTUAL BACKGROUND

1. ZIM is a steamship line whose headquarters are in Haifa, Israel, and has a general office in Norfolk, Virginia. ZIM operates several vessels in liner services around the world, including services between the United States and the Mediterranean.

2. ZIM is the charterer of a vessel called the M/V ZIM ONTARIO, a containership vessel that was built in 2009, has a gross tonnage of 50,963 MT, and is 275 meters long. The Owner of the vessel is CONTI 160, Container Schiffarhts-GmbH & Co., of KG Nr. 1 Munich, Germany. ZIM chartered the vessel pursuant to the "Charter Party of M/V Hull No. 4213," dated 20th March 2008. Clause 6(k) of the Charter Party provides that ZIM is responsible for damage to the vessel or vessel equipment caused by stevedore during loading or discharging cargo from the vessel. ZIM engaged Maher Terminals LLC as its stevedore to handle loading of discharge of

cargo from its vessels, including the M/V ZIM ONTARIO, in December, 2014. Under the contract between ZIM and Maher, disputes are to be submitted to and adjudicated in the State or Federal Courts located in New Jersey.

3. On December 14, 2014, ZIM's vessel, the M/V ZIM ONTARIO, called at Port Newark and arranged to discharge and load cargo at Maher Terminals' facility at Fleet Street in Port Newark.

4. During the course of discharging cargo from the vessel M/V ZIM ONTARIO at the Fleet Street terminal, arrangements were made by Maher's terminal to remove the hatch cover at Bay number 6 of the ship, so as to obtain access to the cargo below the deck of the ship. In order to perform the operation, Maher's crane operator operated under the instruction of the hatch boss, "Eddie", who in turn was working under the supervision of stevedoring Superintendent, Mr. Ventoso. Those incomplete names have been provided by Maher Terminals. Maher Terminals has not provided addresses for the stevedore workmen, but it is anticipated that they reside in New Jersey.

5. As a consequence of error, mistake, negligence or fault, the crane attempted to lift the hatch cover while it was still locked to the ship's structure by pins. The action resulted in the distortion, warping, and other damage to the hatch cover, which requires removal from the vessel to be repaired.

6. The vessel proceeded to sail after the incident under special repairs, and arranged to make permanent repairs to the hatch cover in Ningbo, China at the end of January, 2014. The final costs for repairs are expected to be about $500,000.

7. As a consequence of the damage to the hatch cover of the vessel, the Owners of the vessel have made claim against ZIM, the charterer, and are expected to initiate arbitration in

London, UK, under the provisions of the Charter Party. In order to defend the claim and arbitration proceeding, ZIM requires the testimony of the three above described witnesses to provide evidence as to the details of whether the hatch cover locking pins were released, and proper procedures followed in respect to the lifting of the hatch cover by the crane.

8. ZIM also requires the following documents from Maher Terminals LLC relevant to the hatch cover lifting operation, including: (a) statements taken from all witnesses, (b) customary or required reports concerning the incident (c) inspection reports by Maher personnel of the area around the hatch cover at Bay 6 prior to lifting by the crane, (d) any photos of the area taken before or after the incident, (e) list of employees assigned to the hatch on the subject day, (f) and any survey reports or communications from surveyors regarding the area involved in the incident.

9. The information concerning how the incident occurred is also required to support an indemnity action against Maher Terminals LLC by way of arbitration in New York pursuant to the stevedoring contract.

10. Pursuant to Section 9 of the Stevedoring and Terminal Services Agreement between ZIM and Maher Terminals LLC (hereafter, the "Agreement"), Maher is legally liable to ZIM for damages related to the hatch cover lifting operation described above.

11. ZIM has requested to interview the stevedore workmen involved in the damage caused to the vessel's hatch cover described above, but Maher has denied this request. *See* January 13, 2015 e-mail from Bernadette Frew, Maher Terminals LLC Risk Management Supervisor, attached hereto as Exhibit 4.

12. Given that the stevedore workmen are members of a union, are known to have a high turn-over rate, and can be reassigned to more than one terminal operator in the port of New

York, it is important that the testimony of the three individuals identified at the outset of this Petition be done now, as they may no longer be under the control of Maher Terminals LLC if and when an indemnity action is brought in New York under the stevedoring contract. There is no assurance that the stevedores will still be working and living in the area when the proceeding in London or the indemnity action in New York take place, as it can take years for an arbitration proceeding in London to conclude. Moreover, as is the case with most humans, the ability to remember the details of the incident is quickly forgotten with the passage of time. Taking depositions of the witnesses at this time will better insure that the pertinent facts are more accurately and correctly recalled and recorded, which will aid the Tribunal in making its decisions.

## LEGAL BASIS UNDER 28 U.S.C. § 1782

13.     Under 28 U.S.C. § 1782(a), "[t]he district court in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign tribunal[.]" "The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced before a person appointed by the court." *Id.* The district court is authorized to grant an application under § 1782 if the following three statutory requirements are met: (1) the person from whom discovery is sought resides or is found within the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or any interested person. *In re Owl Shipping, LLC*, 2014 WL 5320192, Civil Action No. 14-5655-AET-DEA (D.N.J. Oct. 17, 2014).

14. ZIM's Petition satisfies all statutory factors under 28 U.S.C. § 1782. First, Respondent Maher Terminals LLC is located within this judicial district at Fleet Street Terminal in Port Newark, and maintains a business address at 1210 Corbin Street, Elizabeth, New Jersey 07201. *See* New Jersey Business Registration of Maher Terminals LLC, attached hereto as Exhibit 5. Additionally, Mr. Ventoso, "Mr. Eddie," and the crane operator are employed by Maher Terminals LLC. Second, the discovery Petitioners seek is for use in anticipated arbitration proceedings in London, which constitutes a foreign tribunal under § 1782. *See In re Application of Winning (HK) Shipping Co., Ltd.*, 2010 WL 1796579, at *9-10 (S.D.Fla. Apr. 30, 2010) (holding that a proceeding before the London Maritime Arbitrators Association was a proceeding before "foreign tribunal" per the meaning of § 1782). Finally, Petitioners anticipate to be litigants in the aforementioned foreign arbitration proceedings, and therefore qualify as "interested persons" under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004).

15. Under *Intel*, the district court may also consider four discretionary factors in determining whether to grant an application for discovery. 542 U.S. at 264-65. These discretionary factors include whether (1) the person from whom discovery is sought is a participant in the foreign proceedings; (2) the foreign tribunal would be receptive to the U.S. discovery sought; (3) the application conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) the request is unduly intrusive or burdensome. *Id.*

16. The discretionary factors enumerated by the Supreme Court in *Intel* also weigh in favor of granting ZIM's Petition. *See* 542 U.S. at 264-65. First, Respondent Maher Terminals LLC is not a party to the Charter Party and therefore will not participate in the London arbitration. Therefore, the assistance provided by § 1782 is of particular importance, as

"nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782." *Intel*, 542 U.S. at 264. The second discretionary factor also weighs in favor of granting ZIM's Petition, as "relevant evidence is presumptively discoverable under § 1782[,] [whereas] the burden of demonstrating offense to the foreign jurisdiction, or any other facts warranting the denial of a particular application, should rest with the party opposing the application[.]" *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998). The third discretionary factor weighs in favor of ZIM's Petition because, as explained above, Petitioners seek discovery from Respondent, who is not a party to the Charter Party and will not be a participant in the London arbitration proceedings, and therefore would not be ordered to produce the requested information without the assistance of § 1782. *In re Owl Shipping*, 2014 WL 5320192 at *3. Finally, Petitioners' discovery request is not unduly intrusive or burdensome because it is narrowly tailored to the issues related to vessel damage described above, and is therefore directly relevant to the anticipated London arbitration proceedings.

WHEREFORE, Petitioners request that the Court issue an order directing the deposition of the three witnesses identified above, in such manner and under such conditions and restrictions as this court may prescribe, for use in the arbitration proceeding in London between Owner of the Vessel and ZIM, and in the subsequent indemnity proceeding between ZIM and Maher Terminals LLC, and for such further and other relief as this court may deem just and proper.

Respectfully Submitted,

/s/ *John J. Levy*
John J. Levy
MONTGOMERY MCCRACKEN
  WALKER & RHOADS LLP
LibertyView, Suite 600
457 Haddonfield Rd.
Cherry Hill, New Jersey 08002
Direct: (856) 488-7700
Fax:    (856) 488-7720
jlevy@mmwr.com

/s/ *Ethan Hougah*
Ethan Hougah
MONTGOMERY MCCRACKEN
  WALKER & RHOADS LLP
LibertyView, Suite 600
457 Haddonfield Rd.
Cherry Hill, New Jersey 08002
Direct: (856) 488-7700
Fax:    (856) 488-7720
ehougah@mmwr.com

*Attorneys for ZIM*

Date: February 12, 2015